**UNITED STATES of America, Plaintiff,**

v.

**Sunday OBOH, Defendant.**

**Nos. 93 CR 786, 95 C 0098.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 6, 1995.

---

Julia Elizabeth Getzels and Ronald Safer, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL and John Thomas Moran, Chicago, IL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendant Sunday Oboh's second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## I. *BACKGROUND*

On April 15, 1994, defendant Sunday Oboh, pursuant to a written plea agreement, entered a plea of guilty to Count I of the indictment, charging him with knowingly and intentionally possessing with intent to distribute approximately 200 grams of mixtures containing heroin. Under the plea agreement, defendant agreed to cooperate with the government. (Plea Agreement ¶ 12.) In return, the government promised to move for a downward departure pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e) to an agreed sentence of incarceration of 80 percent of the low end of the applicable sentencing guideline range, or of the applicable mandatory minimum sentence, 21 U.S.C. § 841, whichever was higher. (Plea Agreement ¶ 15.) On August 26, 1994, the court sentenced defendant to 48 months incarceration and 5 years of supervised release.

On September 8, 1994, defendant filed his first 28 U.S.C. § 2255 motion. The court denied his motion based on both procedural default (failure to appeal) and the merits. Defendant now brings his second Section 2255 motion ("Motion"), presenting essentially two arguments. Defendant argues he should be granted relief (1) under recently enacted 18 U.S.C. § 3553(f), providing for a limitation on the applicability of statutory minimums in certain cases, and (2) because of ineffective assistance of counsel traced to broken promises and advice with which he is unsatisfied.

## II. *DISCUSSION*

### A. *Procedural Default*

It is an abuse of the writ for a petitioner to raise a ground for Section 2255 relief in a second petition that he could have raised in his first, regardless of whether a failure to raise it in the prior Section 2255 motion stemmed from a deliberate choice. *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). When a prisoner files a second motion, "the government bears the burden of pleading abuse of the writ." *Id.* at 494, 111 S.Ct. at 1470. To excuse the petitioner's failure to raise the claim earlier, he must show cause for and prejudice from his failure to raise the claim. *Id.* A failure to provide a showing of cause or prejudice will result in a denial of the motion as an abuse of the writ.

Defendant Oboh has not shown either cause for or prejudice from his failure to previously raise the two arguments. Defendant's explanation for his failure to present his current arguments is that he did not think it was necessary to present them. (Motion at 6.) His argument of ineffective assistance of counsel could have been raised earlier, and he has not shown cause for or prejudice from that failure.

Regarding Section 3553(f), Section 280001(c) of the enacting legislation states that it would apply to sentences imposed 10 days after the date of enactment (September 13, 1994). The defendant, who was sentenced on August 26, 1994, therefore is not

prejudiced from his failure to raise this argument previously, since it is a nonstarter.

Defendant's failures constitute an abuse of the writ, and he is barred from bringing these arguments in this subsequent motion.

### B. Merits

#### 1. Section 3553(f)

Under Section 3553(f), defendant believes he should not be subjected to the mandatory minimum sentence. Regardless of any other reason, defendant does not even qualify for the exception to the statutory mandatory minimum. One of the requirements for the exception is that the defendant not have more than one criminal history point as calculated under the sentencing guidelines. Sunday Oboh had more than one criminal history point. (*See* Statement of Reasons for Imposing Sentence Under the Sentencing Guidelines at 4.) This is the most obvious, but not only, defect in Oboh's Section 3553(f) argument.

#### 2. Ineffective Assistance of Counsel

■ Counsel is presumed effective, and therefore defendant bears a heavy burden in proving an ineffective assistance of counsel claim. *United States v. Guerrero,* 938 F.2d 725, 727 (7th Cir.1991). Defendant must satisfy the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a defendant must show "(1) that the attorney's representation fell below an objective standard of reasonableness (performance prong), and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different (prejudice prong)." *Dugan v. United States,* 18 F.3d 460, 464 (7th Cir.1994) (citations and internal quotation marks omitted). To succeed the defendant "must identify the specific acts or omissions of counsel that formed the basis for his claim of ineffective assistance." *Id.* (internal quotation marks omitted).

[5] Defendant argues that his attorney provided ineffective assistance of counsel because (1) there was a lack of communication with counsel, specifically he was left in the dark and was not aware of an "enhancement"; and (2) counsel broke his promise that the defendant would not be sentenced to more than one year. (Motion at 5–6.)[1]

Defendant's first ineffective assistance argument fails because it does not pass the test set forth in *Strickland.* Defendant has made no showing that his attorney's representation fell below an objective standard of reasonableness or that there is a reasonable probability that, but for the alleged failure to communicate, the results would have been different. Furthermore, defendant has failed to identify any *specific* acts or omissions of counsel. He only says that he was "left in the dark" and was unaware of any enhancement. However, at the plea hearing defendant indicated he was fully informed and acknowledged his understanding of the plea process and the applicable sentencing guidelines and statutory provisions in the plea agreement. (Tr. at 9–12.)

The second ineffective assistance argument about broken promises fails as well. Defendant argues that he was told by his attorney that he would not be sentenced to more than one year. This argument completely contradicts the plea transcript. During the plea hearing, the court asked defendant whether he had received any promises other than those contained in the plea agreement, and he responded, "No." (Tr. at 9, 12.) Even accounting for the fact that the referenced promises are probably thought of as between defendant and the government, the argument fails. Both the plea agreement and the plea colloquy explored the details of sentencing, and no reference to a "one-year" sentence is found therein.

### CONCLUSION

Defendant's second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied with prejudice. Defendant's

---

1. The court has grouped defendant's claims a bit, with an eye toward piecing them together as colorable.

Application to Proceed in Forma Pauperis is moot.